CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 07 2011

JULIA C. DOOLEY, CLERK
BY:
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ASHANN-RA, | ) | CASE NO. 7:11CV00421 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION |
| vs. | ) | |
| | ) | |
| LORETTA K. KELLY, WARDEN, | ) | |
| ET AL., | ) | By: James C. Turk |
| | ) | Senior United States District Judge |
| Defendant(s). | ) | |

Ashann-Ra, a Virginia inmate proceeding pro se, filed this action, styled as a "PRELIMINARY INJUNCTION: TRO AMERICANS WITH DISABILITIES ACT," alleging that prison officials have failed to provide him access to legal materials he had gathered in preparation for filing a lawsuit under the Americans with Disabilities Act ("the ADA"). Because Ra claims that officials' actions violate his constitutional right to access the courts, the clerk's office construed and filed his pleading as a civil rights action pursuant to 42 U.S.C. § 1983 and a motion for interlocutory injunctive relief. Upon review of Ra's submissions, the court concludes that the motion must be denied, because the underlying civil action must be summarily dismissed.

Ra's submissions provide the following sequence of events on which his claims are based. Ra claims to have a "documented disability" because he has been diagnosed as having "premorbid schizophrenia." While he was incarcerated at Sussex I State Prison ("Sussex 1"), Ra conducted research and gathered materials in preparation for filing a civil action under the ADA, claiming that he was being denied "mental health treatment for his disability." On August 5, 2011, officials transferred Ra to Red Onion State Prison ("Red Onion"). A week later, he received one box containing some of his personal property from Sussex I. This box did not

contain all the legal materials he needs to file his ADA claim, however. When he asked about getting his other three boxes of personal property from Sussex 1, an official at Red Onion told him that the other boxes would be issued to him later. On August 31, 2011, Ra received an inventory list from Sussex 1, indicating that only one box of his property had been sent to him at Red Onion and that the other boxes contain property items "not issued by Red Onion."

Ra signed and dated his § 1983 complaint on September 1, 2011, stating that he "still does not have his material and is unable to file his ADA claim within the 180 day deadline," which constitutes denial of access to court. As relief, he seeks a court order directing officials to provide him access to "his remaining legal material."

Inmates have a guaranteed right to reasonable access to both state and federal courts. Ex parte Hull, 312 U.S. 456 (1941). Where an inmate claims denial of some item necessary for meaningful pursuit of litigation, such as access to specific legal materials, he must allege facts showing actual injury or specific harm to his litigation efforts resulting from denial of the item. Lewis v. Casey, 518 U.S. 343 (1996). Moreover, officials' actions that inadvertently interfere with the inmate's attempt to access the court do not give rise to any constitutional claim of denial of access. Pink v. Lester, 52 F.3d 73 (4th Cir. 1995).

Ra does not allege facts sufficient to support any constitutional claim against prison officials for denial of access to the court. First, he does not point to any specific item from his property boxes at Sussex 1 that he must have in order to prepare and submit his ADA lawsuit to the court within the deadline. The ADA claim he wishes to bring is based on his own experience---his alleged mental disability and officials' alleged failure to provide treatment. He fails to demonstrate why he could not present this claim to the court with the legal materials already in his possession and thereby protect his right to access the court. He is not denied

2

access simply because he cannot include with his initial court submission every piece of documentation or research he has accumulated and wishes to submit. Indeed, with his initial complaint, he may submit a motion for extension of time in which to file additional documentation and/or argument in support of his case.

Second, Ra does not allege facts indicating that he has informed prison officials at Red Onion or Sussex 1 of the particular legal materials he wishes to recover from his property boxes, the reason he needs them, or the deadline he faces.[1] Thus, he fails to demonstrate that his lack of access to these materials is the result of any deliberate official action and so fails to state any actionable constitutional claim against anyone.

Finally, for similar reasons, Ra fails to allege grounds for issuance of the interlocutory injunctive relief he has requested. To warrant such relief, he must demonstrate that: (1) "he is likely to succeed on the merits," (2) "he is likely to suffer irreparable harm in the absence of preliminary relief," (3) "the balance of equities tips in his favor," and (4) "an injunction is in the public interest." See Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008). Because Ra has not stated facts showing that he is unable to file his lawsuit within the deadline, based on his own knowledge and without the legal materials still at Sussex 1, he cannot show either likelihood of success on his claim or likelihood of irreparable harm without court intervention. Moreover, if he files grievances advising prison officials that he needs specific items from the Sussex 1 boxes in order to file a timely lawsuit, they may well be able and willing to allow him timely access to those materials. Until he has asked for help, he cannot know that officials will refuse to provide it.

---

[1] Ra's submission offers no indication that he has exhausted his administrative remedies as required under 42 U.S.C. § 1997e(a) before he can bring a civil action about denial of his legal materials.

3

For the reasons stated, the court dismisses Ra's complaint without prejudice, pursuant to 28 U.S.C. § 1983, for failure to state a claim, and denies his motion for interlocutory injunctive relief for lack of cause shown. The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 7th day of September, 2011.

*James C. Turk*
Senior United States District Judge